**WO**                                                                                     SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Frank Gaunt,<br><br>            Plaintiff,<br><br>vs.<br><br>Jail Commander Brown, et al.,<br><br>            Defendants. | No. CV 07-8124-PCT-SMM (LOA)<br><br>**ORDER** |

Plaintiff Charles Frank Gaunt, who is now confined in the Arizona State Prison Complex, Santa Rita Unit, in Tucson, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 concerning events at the Mohave County jail and an Application to Proceed *In Forma Pauperis*. (Doc.# 1.)[1] The Court will order Defendants Wright, Kitchen, and Nurse Wayne to answer Count I of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a

---

[1] "Doc.#" refers to the docket number of filings in this case.

**TERMPSREF**

1   separate Order requiring the appropriate government agency to collect and forward the fees

2   according to the statutory formula.

3   **II.    Statutory Screening of Prisoner Complaints**

4          The Court is required to screen complaints brought by prisoners seeking relief against

5   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

6   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

7   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

8   be granted, or that seek monetary relief from a defendant who is immune from such relief.

9   28 U.S.C. § 1915A(b)(1),(2).

10  **III.    Complaint**

11         Plaintiff alleges three counts in his Complaint for excessive use of force, failure to

12  protect, and deliberate indifference to serious medical needs at the Mohave County Jail.

13  Plaintiff has sued Mohave Jail Commander Brown, Field Training Officer Wright, Sergeant

14  Kitchen, and Nurse "Wayne."  Plaintiff seeks compensatory and punitive damages.

15         Plaintiff alleges the following facts: On April 26, 2007, a riot occurred with which

16  Plaintiff had no involvement. (Doc.# 1 at 3.)  Nevertheless, in the aftermath, Officer Wright

17  zip-tied Plaintiff's hands behind his back. (Id.)  According to Plaintiff, the zip-tie was so

18  tight that it cut off circulation to his hands causing severe pain and causing his hands to turn

19  blue. (Id.)  Plaintiff in turn asked Wright, Sergeant Kitchen, and Nurse Wayne each to

20  loosen the ties because they were hurting him, but each refused. (Id.)  Plaintiff sat in the yard

21  for two hours with his hands zip-tied and in severe pain and was repeatedly told to be quiet

22  when he asked staff to check the tightness of the zip-tie. (Id.)  Finally, due to the pain,

23  Plaintiff asked to use the restroom, so that the zip-tie would be removed temporarily. (Id. at

24  3A.)  Officer Pescatia removed the zip-tie and asked Plaintiff why he had not told someone

25  what the tie was doing to his hands. (Id.)  Plaintiff told him he had but no one cared. (Id.)

26         Plaintiff alleges that his requests for medical care after the zip-tie was removed were

27  ignored by "correctional staff." (Doc.# 1 at 4.)  Plaintiff alleges that the pain in his hands

28  was so severe that he had difficulty eating or sleeping for the 11 days it took before he

1   received medical care.  (Id.)  He further alleges that he had blood poisoning from the cuts

2   caused by the zip-tie and that his hands now go numb if he holds anything for any length of

3   time, and he has to rub them together to restore feeling.  (Id. 4, 5.)

4   **IV.      Failure to State a Claim**

5          To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

6   conduct about which he complains was committed by a person acting under the color of state

7   law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

8   Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must allege that he

9   suffered a specific injury as a result of the conduct of a particular defendant and he must

10  allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v.

11  Goode, 423 U.S. 362, 371-72, 377 (1976).

12         **A.      Commander Brown**

13         Plaintiff alleges that Commander Brown should have been present while Plaintiff's

14  hands were zip-tied because he was the commander of the jail and his absence was negligent.

15  (Doc.# 1 at 3A.)  "A plaintiff must allege facts, not simply conclusions, that show that an

16  individual was personally involved in the deprivation of his civil rights."  Barren v.

17  Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official

18  capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or

19  custom.  See Cortez, 294 F.3d at 1188.  Further, there is no *respondeat superior* liability

20  under § 1983, so a defendant's position as the supervisor of a someone who allegedly

21  violated a plaintiff's constitutional rights does not make him liable.  Monell, 436 U.S. at 658;

22  Taylor, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity, "is

23  only liable for constitutional violations of his subordinates if the supervisor participated in

24  or directed the violations, or knew of the violations and failed to act to prevent them."

25  Taylor, 880 F.2d at 1045.

26         Plaintiff alleges that Brown is liable based solely on *respondeat superior*.  Plaintiff

27  has not alleged that Brown enacted or enforced a policy, custom, or practice that resulted in

28  the denial of Plaintiff's constitutional rights.  Further, Plaintiff has not alleged that Brown

directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act.  Finally, to the extent that Plaintiff predicates claims against Brown based on negligence, he fails to state a claim.  Negligence by a defendant acting under color of state law is not sufficient to state a claim under § 1983.  <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986) (plaintiff must plead more than mere negligence in a § 1983 action); <u>see</u> <u>Alfrey v. United States</u>, 276 F.3d 557, 568 (9th Cir. 2002).  For these reasons, Plaintiff fails to state a claim against Brown in his Complaint.

**B.    Deliberate Indifference to Serious Medical Needs**

In Counts II and III, Plaintiff alleges that medical care for his injured wrists and hands was delayed for 11 days.  To state a claim for a constitutional violation regarding medical care, a plaintiff must allege facts to support that he has or had a serious medical need and that a particular defendant acted with deliberate indifference to that need.  <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976) (sentenced inmates); <u>Lolli v. County of Orange</u>, 351 F.3d 410, 418-19 (9th Cir. 2003) (pretrial detainees).  To allege a serious medical need, a plaintiff must set forth facts to support that the "'failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991), <u>overruled on other grounds by</u> <u>WMX Techs, Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (<em>en banc</em>)).  Deliberate indifference may occur if "prison officials deny, delay or intentionally interfere with medical treatment."  <u>Hutchinson v. United States</u>, 838 F.2d 390, 394 (9th Cir.1988).  Mere negligence, however, "in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.'"  <u>Lopez</u>, 203 F.3d at 1132 (quoting <u>Hutchinson</u>, 838 F.2d at 394).  Further, a delay in receiving medical care, without more, is insufficient to state a claim against a jailor for deliberate indifference unless the plaintiff can show that the delay in treatment harmed him.  <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985).

Assuming that Plaintiff alleges a serious medical need, Plaintiff fails to allege facts to support that particular Defendants acted with deliberate indifference to that need.  Plaintiff

only alleges that he asked Wayne to loosen the zip-tie while his hands were bound, he does not allege facts to support that Wayne, or any other Defendant, refused or interfered or delayed medical care of resulting injuries after the tie was removed. For that reason, Plaintiff fails to state a claim for deliberate indifference against any of the Defendants.

## V.    Claims for Which an Answer Will be Required

Plaintiff sufficiently alleges facts to support that Wright, Kitchen, and Nurse Wayne acted with deliberate indifference to Plaintiff's safety. Accordingly, these Defendants will be required to respond to that claim.

## VI.    Warnings

### A.    Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B.    Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

///

///

///

**D.      Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)      Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **GRANTED**.

(2)      As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)      Counts II and III and  Defendant Brown are **DISMISSED** without prejudice.

(4)      Defendants Wright, Kitchen, and Nurse Wayne must answer Count I.

(5)      The Clerk of Court must send Plaintiff a service packet including the Complaint (doc.# 1), this Order, and both summons and request for waiver forms for Defendant Wright, Kitchen and Nurse Wayne.

(6)      Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)      If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8)      The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9)      The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants must include a copy of this Order.  The

1    Marshal must immediately file requests for waivers that were returned as undeliverable and

2    waivers of service of the summons.  If a waiver of service of summons is not returned by a

3    Defendant within 30 days from the date the request for waiver was sent by the Marshal, the

4    Marshal must:

5           (a)  personally serve copies of the Summons, Complaint, and this Order upon
     Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

6           (b)  within 10 days after personal service is effected, file the return of service
     for Defendant, along with evidence of the attempt to secure a waiver of service of the

7    summons and of the costs subsequently incurred in effecting service upon Defendant.
     The costs of service must be enumerated on the return of service form (USM-285) and

8    must include the costs incurred by the Marshal for photocopying additional copies of
     the Summons, Complaint, or this Order and for preparing new process receipt and

9    return forms (USM-285), if required.  Costs of service will be taxed against the
     personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil

10   Procedure, unless otherwise ordered by the Court.

11          (10)   **A Defendant who agrees to waive service of the Summons and Complaint**

12   **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

13          (11)   Defendant must answer the Complaint or otherwise respond by appropriate

14   motion within the time provided by the applicable provisions of Rule 12(a) of the Federal

15   Rules of Civil Procedure.

16          (12)   Any answer or response must state the specific Defendant by name on whose

17   behalf it is filed.  The Court may strike any answer, response, or other motion or paper that

18   does not identify the specific Defendant by name on whose behalf it is filed.

19          (13)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to

20   Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings.

21          DATED this 9th day of January, 2008.

22

23

24   _____

25                Stephen M. McNamee
                  United States District Judge

26

27

28