**WO**                                                                                                                      SVK

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Charles Frank Gaunt, | ) | No. CV 07-8124-PCT-SMM (LOA) |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Jail Commander Brown, et al., | ) | |
| Defendant. | ) | |

On November 14, 2007, Plaintiff Charles Frank Gaunt, who was confined in the Mohave County Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. #1.)   He alleged that Defendants Wright, Kitchen, and Wayne acted with deliberate indifference to his safety; the Court ordered these Defendants to answer Count I and dismissed the remaining counts and Defendant.  (Doc. #4.)

Defendants move to dismiss for failure to prosecute.  (Doc. ##25, 27.)  The matter is ready for ruling.  The Court will grant the motions to dismiss for failure to prosecute, deny all pending motions as moot, and dismiss the action with prejudice.

**I.    Background**

Defendants ask that the Court dismiss this case with prejudice on the grounds that (1) Plaintiff has been released from custody, but he has not paid the filing fee or otherwise responded to this Court's Order to Show Cause regarding payment of the fee; (2) he did not respond to Defendants' Motion to Dismiss for failure to exhaust; and (3) he did not appear at

1  his noticed deposition or otherwise respond to Defendants' Notice of Deposition.  (Doc.
2  #25.)

3      On May 21, 2008, following Plaintiff's release from custody, the Court issued an
4  Order requiring that Plaintiff either pay the $350 filing fee within 30 days of the Order or
5  show good cause why he is unable to pay.  (Doc. #17.)  Plaintiff has not paid the $350 filing
6  fee or shown good cause why he is unable to do so.  Defendants assert that Plaintiff's
7  Complaint is, therefore, subject to dismissal without further notice.

8      On June 2, 2008, Defendants filed a Motion to Dismiss Plaintiff's Complaint for
9  failure to exhaust administrative remedies. (Doc. #18.) This motion was mailed to Plaintiff's
10  Phoenix address and was not returned as undeliverable. (Doc. #25 at 2.)  On June 6, 2008,
11  the Court ordered Plaintiff to respond to Defendants' Motion to Dismiss no later than July
12  8, 2008. (Doc. #20.)  Plaintiff has not filed a response.

13      On July 8, 2008, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure,
14  Wright and Kitchen mailed a Notice of Deposition to Plaintiff that they intended to take his
15  deposition on July 24, 2008.  (Doc. #22.)  The Notice was mailed to Plaintiff's Phoenix
16  address and was not returned as undeliverable.  Plaintiff did not respond to the Notice of
17  Deposition or appear at his duly noticed deposition.[1]  (Doc. #25 at 3.)

18      Defendants argue that the case should be dismissed because Plaintiff has abandoned
19  the litigation, twice disregarded orders of the Court, and deprived Defendants of their ability
20  to conduct an effective defense against Plaintiff's allegations.

21  **II.    Failure to Prosecute**

22      Plaintiff has the general duty to prosecute this case.  See Fidelity Phila. Trust Co. v.
23  Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules
24  of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these
25  rules or a court order, a defendant may move to dismiss the action or any claim against it."

26

27          [1]In their motion, Defendants cite to the affidavit of Gail Ferguson regarding
28  nonappearance, but this was not attached to the motion. (Doc. #25 at 3.)

1    In addition, Rule 7.2(c) of the Local Rules of Civil Procedure provides that the opposing

2    party has ten days after service of a motion within which to serve and file a responsive

3    memorandum.  Rule 7.2(I) provides that if an unrepresented party or counsel does not serve

4    and file the required answering memorandum, such non-compliance with the Rule "may be

5    deemed a consent to the denial or granting of the motion and the Court may dispose of the

6    motion summarily."   Plaintiff has filed no response to Defendant's Motion to Dismiss,

7    despite the Court order of June 6, 2008 directing the Plaintiff to respond by July 8, 2008.

8        In determining whether Plaintiff's failure to prosecute warrants dismissal of the case,

9    the Court must weigh the following five factors: "(1) the public's interest in expeditious

10   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

11   the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the

12   availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.

13   1986).  "The first two of these factors favor the imposition of sanctions in most cases, while

14   the fourth factor cuts against a default or dismissal sanction.  Thus the key factors are

15   prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th

16   Cir. 1990).

17       Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's failure

18   to cooperate with discovery and respond to the motions to dismiss impedes the expeditious

19   processing of this case and prejudices Defendants' preparation of their defense.  The fourth

20   factor, however, weighs against dismissal.  The fifth factor requires the Court to consider

21   whether a less drastic alternative is available.  But the Court "need not exhaust every sanction

22   short of dismissal before finally dismissing a case."   Henderson, 779 F.2d at 1424.

23   Regarding the Motion to Dismiss for failure to exhaust, Plaintiff was advised that Rule 7.2

24   (I) provides that failure to respond may be deemed a consent to granting the motion.

25       The Court also notes that after Defendants filed their motions to dismiss for failure

26   to prosecute, the Court advised Plaintiff a second time of his obligation to respond.  (Doc.

27   #26.) This second Notice from the Court was returned on August 19, 2008, as undeliverable.

28   (Doc. #28.)  It is the duty of a plaintiff who has filed a *pro se* action to keep the Court

apprised of his or her current address and to comply with the Court's orders in a timely fashion. The Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988); see also Local Rule of Civil Procedure 83.3(d) (an incarcerated plaintiff must file and serve a notice of change of address within 5 days after the effective date of the change). Plaintiff's failure to keep the Court informed of his new address also constitutes a failure to prosecute.

In sum, there is nothing in the record to controvert Defendants' assertions that Plaintiff failed to cooperate with discovery and has abandoned this litigation. Under these circumstances, the Court will dismiss the case with prejudice.

**IT IS ORDERED:**

(1)   The reference to the Magistrate Judge is withdrawn with respect to Defendants' Motion to Dismiss (Doc. #18) and Motions to Dismiss for Lack of Prosecution (Doc. ##25, 27).

(2)   Defendants' Motions to Dismiss for Lack of Prosecution (Doc. ##25, 27) are **GRANTED**.

(3)   All pending motions are **DENIED AS MOOT**.

(4)   This action is **DISMISSED WITH PREJUDICE**, and the Clerk of Court must enter judgment accordingly.

DATED this 17th day of October, 2008.

Stephen M. McNamee
United States District Judge